IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD RUSSELL, II, et al.,

    Plaintiffs,            No. CIV S-07-0373 DFL GGH PS

  vs.

ACCESS SECUREPAK, INC.,

    Defendant.            ORDER TO SHOW CAUSE
_____/

    Plaintiffs are state prisoners proceeding pro se. Plaintiffs seek relief pursuant to 42 U.S.C. § 1983 and have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Although there are eight plaintiffs, only plaintiff Russell has submitted an application to proceed in forma pauperis, and his application is incomplete in lacking certification by a prison official. See 28 U.S.C. §§ 1914(a), 1915(a). All eight plaintiffs will be provided the opportunity to submit either the appropriate affidavits in support of a request to proceed in forma pauperis or the appropriate filing fee.

    The determination whether plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

1

dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

The complaint alleges that eight inmates purchased seven inch LCD televisions from defendant by mail order, at a cost of approximately $164.90 per inmate. Plaintiffs claim that defendant sold these televisions based on false and misleading advertising in that they did not contain UL approved power adapters which are necessary at Avenal State Prison, and defendant would not refund plaintiffs' purchase price. Plaintiffs allege jurisdiction under both 28 U.S.C. § 1331 and 1332 (federal question and diversity jurisdiction). However, plaintiffs have not invoked federal law in support of their claims,[1] and the amount in controversy does not exceed $75,000. Although plaintiffs seek punitive damages in the amount of $250,000 per plaintiff, they seek no compensatory damages.

In determining the jurisdictional amount in controversy for diversity jurisdiction, both compensatory and punitive damages must be considered to the extent they are recoverable and to the extent claimed. Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996). When punitive damages are needed in order to satisfy the amount in controversy requirement, it must be determined whether they are in fact recoverable as a matter of state law. If so, there is diversity jurisdiction unless "it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.' " Id., *quoting* Cadek v. Great Lakes Dragaway, Inc., 58 F.3d 1209, 1212 (7th Cir. 1995). "When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, we should scrutinize that claim closely." Id. "[W]hen several plaintiffs assert separate and distinct demands in a single suit, the amount

---

[1] If subject matter jurisdiction is based on the existence of a federal question, plaintiffs must show that they have alleged a claim for relief arising under federal law and that the claim is not frivolous.

involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisdictional requirements." Id. (citations omitted).

Here, each plaintiff would have to recover more than $75,000 in punitive damages in order to exceed the statutory requirement. Plaintiffs have not alleged that California law provides for punitive damages in this case. Nor does it appear that plaintiffs would be entitled to recover an amount even close to the $75,000 jurisdictional requirement. Plaintiffs have not alleged conduct by defendants which would support a punitive damages award that is approximately 1,500 times the amount of actual damages. See H&D Tire and Automotive-Hardware, Inc. v. Pitney, 227 F.3d 326, 329 (5th Cir. 2000).

Plaintiffs have therefore failed to allege the jurisdictional basis for bringing this case in federal court. The claim asserted by plaintiffs does not involve a federal question, and the amount in controversy does not exceed the required jurisdictional amount. Plaintiffs have not demonstrated why this case is not more appropriately filed in state court rather than federal court.

Good cause appearing, plaintiffs will be directed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs shall submit, within twenty days from the date of this order, either completed applications and affidavits in support of their requests to proceed in forma pauperis on the forms provided by the Clerk of Court, or the appropriate filing fee; plaintiffs' failure to comply with this order will result in a recommendation that this action be dismissed.

2. The Clerk of the Court is directed to send plaintiffs new Applications to Proceed In Forma Pauperis.

\\\\\

\\\\\

\\\\\

3. Within twenty days from the date of this order, plaintiffs shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

DATED: 4/10/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Russell373.osc.wpd