IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD RUSSELL, II, et al.,

      Plaintiffs,                    No. CIV S-07-0373 RRB GGH PS

     vs.

ACCESS SECUREPAK, INC.,

      Defendant.                  FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiffs are state prisoners proceeding pro se. Plaintiffs seek relief pursuant to 42 U.S.C. § 1983 and have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        On April 10, 2007, this court noted that of the eight plaintiffs, only plaintiff Russell had submitted an application to proceed in forma pauperis, and his application is incomplete in lacking certification by a prison official. See 28 U.S.C. §§ 1914(a), 1915(a). The court also noted that there appeared to be no basis for federal subject matter jurisdiction. Plaintiffs were given the opportunity to cure these defects by submitting completed requests to proceed in forma pauperis, and by showing cause why this action should not be dismissed for lack of subject matter jurisdiction.

On April 30, 2007, plaintiff Bradley submitted a completed application to proceed in forma pauperis. No other plaintiffs have submitted complete applications. None of the plaintiffs have shown cause why this action should not be dismissed.

As set forth in this court's previous order, the complaint alleges that eight inmates purchased seven inch LCD televisions from defendant by mail order, at a cost of approximately $164.90 per inmate. Plaintiffs claim that defendant sold these televisions based on false and misleading advertising in that they did not contain UL approved power adapters which are necessary at Avenal State Prison, and defendant would not refund plaintiffs' purchase price. Plaintiffs allege jurisdiction under both 28 U.S.C. § 1331 and 1332 (federal question and diversity jurisdiction). However, plaintiffs have not specified the federal law in support of their claims,[1] and the amount in controversy does not exceed $75,000. Although plaintiffs seek punitive damages in the amount of $250,000 per plaintiff, they seek no compensatory damages.

In determining the jurisdictional amount in controversy for diversity jurisdiction, both compensatory and punitive damages must be considered to the extent they are recoverable and to the extent claimed. Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996). See generally Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089 (9th Cir. 2003). When punitive damages are needed in order to satisfy the amount in controversy requirement, it must be determined whether they are in fact recoverable as a matter of state law. If so, there is diversity jurisdiction unless "it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.' " Anthony at 315, *quoting* Cadek v. Great Lakes Dragaway, Inc., 58 F.3d 1209, 1212 (7th Cir. 1995). "When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, we should scrutinize that claim closely." Id.

---

[1] If subject matter jurisdiction is based on the existence of a federal question, plaintiffs must show that they have alleged a claim for relief arising under federal law and that the claim is not frivolous.

"[W]hen several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisdictional requirements." Id. (citations omitted).

Here, each plaintiff would have to recover more than $75,000 in punitive damages in order to exceed the statutory requirement. Plaintiffs have not alleged that California law provides for punitive damages in this case. Nor does it appear that plaintiffs would be entitled to recover an amount even close to the $75,000 jurisdictional requirement. Plaintiffs have not alleged conduct by defendants which would support a punitive damages award that is approximately 1,500 times the amount of actual damages (assuming compensatory damages total) of $164.90). See H&D Tire and Automotive-Hardware, Inc. v. Pitney, 227 F.3d 326, 329 (5th Cir. 2000).

Plaintiffs have therefore failed to allege the jurisdictional basis for bringing this case in federal court. The claim asserted by plaintiffs does not involve a federal question, and if diversity of citizenship is the basis of jurisdiction the amount in controversy does not exceed the required jurisdictional amount.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiffs may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections

\\\\\
\\\\\
\\\\\

1 within the specified time may waive the right to appeal the District Court's order. Martinez v.

2 Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: 11/19/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

5 GGH:076/Russell373.fr.wpd